**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

PORTIA LAMBERT,
o/b/o LINDA LAMBERT, : Case No. 3:10-cv-435

    Plaintiff, :
                                  District Judge Walter H. Rice
: Magistrate Judge Michael J. Newman
vs.
:
MICHAEL J. ASTRUE,
Commissioner of the Social :
Security Administration,
:
    Defendant.

---

**AMENDED SUPPLEMENTAL REPORT AND RECOMMENDATION[1] and ORDER
GRANTING PLAINTIFF'S MOTION TO CLARIFY THE JANUARY 9, 2011 REPORT
AND RECOMMENDATION**

---

       This case involves a Social Security appeal brought pursuant to 42 U.S.C. § 405(g).  On January 9, 2012, this Court issued a Report and Recommendation concluding the ALJ's finding -- that Linda Lambert (hereinafter "Claimant") was not disabled, and therefore unentitled to Widow's Insurance Benefits -- was unsupported by substantial evidence. Doc. 18, PageID 129-52. The Court recommended an immediate award of benefits beginning on the alleged onset date of October 15, 1999. *Id*.

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Supplemental Report and Recommendation.

I.

This matter is once again before the Court because of a motion, filed by Plaintiff Portia Lambert[2] on January 20, 2012, to clarify the Report and Recommendation. Doc. 19. Having fully considered the issues raised in Plaintiff's motion, the Court agrees that benefits should be awarded from the onset date of October 15, 1999 through the month before the Claimant's death in October 2005. *See* 20 C.F.R. § 404.337(b).

As Plaintiff appropriately cites, pursuant to 20 C.F.R. § 404.336(c)(1), Claimant -- as a prior recipient of mother's benefits through May 1993 -- was eligible to receive continuing Widow's Insurance Benefits if she could prove that she was disabled by May 31, 2000. *See* tr. 81. In addition to finding that the ALJ's non-disability decision was unsupported by substantial evidence, the Court also found that Claimant met this burden. Moreover, the record is clear that there was no evidence of any medical improvement between May 2000 and October 2005. Therefore, benefits should be awarded from October 15, 1999 through an end date to be determined by the Commissioner in accordance with 20 C.F.R. § 404.337(b). The remainder of the Court's analysis and recommendation remains the same.

---

[2]Although neither party has raised the issue of standing, the Court nevertheless notes its obligation to raise standing issues *sua sponte*. *See Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 109 (2001). Claimant died on October 10, 2005 while her application was pending. In order to continue pursuing her claim, Claimant's daughter, Portia Lambert (hereinafter "Plaintiff"), was substituted as Plaintiff in this action on April 16, 2006. Tr. 558-59, 585-585A. As Claimant's child, Plaintiff is among the enumerated individuals who has standing to pursue her deceased mother's claim for benefits. *See Youghiohenny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir. 1995)(citing 42 U.S.C. § 404). Therefore, Plaintiff's claim is properly before this Court.

2

II.

Based upon the foregoing as well as the analysis contained in the January 9, 2012 Report and Recommendation, Plaintiff's motion to clarify is **GRANTED**. The Court therefore **RECOMMENDS** as follows:

1. The decision of the Commissioner be found **UNSUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED;**

2. This case be **REMANDED FOR AN IMMEDIATE AWARD OF WIDOW'S INSURANCE BENEFITS** beginning on **OCTOBER 15, 1999 (Claimant's disability onset date);**

3**.** The Commissioner be **ORDERED** to determine the date for the termination of benefits **in accordance with 20 C.F.R. § 404.337(b)** and consistent with this opinion; and

4. This case be **TERMINATED** upon the Court's docket.

February 13, 2012        **s/Michael J. Newman**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).