IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PORTIA LAMBERT, o/b/o LINDA LAMBERT, | : : : |
| Plaintiff, | : Case No. 3:10cv435 : |
| vs. | : JUDGE WALTER HERBERT RICE : |
| COMMISSIONER OF SOCIAL SECURITY, | : : |
| Defendant. | : |

DECISION AND ENTRY ADOPTING INITIAL (DOC. #18) AND AMENDED SUPPLEMENTAL (DOC. #26) REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOC. #21 AND #27) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION OF NON-DISABILITY AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR AN IMMEDIATE AWARD OF WIDOW'S INSURANCE BENEFITS FOR A PERIOD BEGINNING OCTOBER 15, 1999, AND ENDING ON A DATE TO BE DETERMINED BY THE COMMISSIONER IN ACCORDANCE WITH 20 C.F.R. § 404.337(b); TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Widow's Insurance Benefits under the Social Security Act. On January 9, 2012, the United States Magistrate Judge filed a Report and Recommendations (Doc. #18), recommending that the Commissioner's decision that Plaintiff's decedent was not

disabled and, therefore, not entitled to Widow's Insurance Benefits be reversed, and that the captioned cause be remanded for an immediate reward of disability Widow's Insurance Benefits for a prescribed period beginning October 15, 1999, and ending May 31, 2000. On February 14, 2012, the United States Magistrate Judge filed an Amended Supplemental Report and Recommendations (Doc. #26), affirming his earlier decision, but amending same only to direct the Defendant Commissioner to determine the date for termination of benefits in accordance with 20 C.F.R.

§ 404.337(b). Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Initial (Doc. #18) and Amended Supplemental (Doc. #26) Reports and Recommendations, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Reports and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff's decedent was not disabled during a closed period beginning October 15, 1999 and, therefore, not entitled to Widow's Insurance Benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #21 and #27) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff's decedent was not disabled and, therefore, not entitled

to Widow's Insurance Benefits for a closed period beginning October 15, 1999, is reversed, and the captioned cause remanded to the Defendant Commission for the payment of Widow's Insurance Benefits for a closed period beginning October 15, 1999, consistent with the Social Security Act, with the Defendant Commissioner ordered to determine the date for the termination of benefits in accordance with 20 C.F.R. § 404.337(b).

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison

Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The

findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. <u>Buxton v. Halter, Commissioner of Social Security</u>, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. <u>Elkins v. Secretary of Health and Human Services</u>, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In this matter, the Court concludes, as did the Magistrate Judge, that all essential factual issues have been resolved and the record adequately establishes Plaintiff's decedent's entitlement to benefits. Accordingly, a remand for the payment of benefits is proper. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

2. Although it is the Defendant Commissioner that must fix the termination date for benefits, on the closed period which began October 15, 1999, pursuant to 20 C.F.R. § 404.337(b), this Court finds that there is no record of improvement, such as to enable the Plaintiff's decedent to engage in gainful

employment, based upon the record before the Court, at any time during the closed period beginning October 15, 1999.

WHEREFORE, based upon the aforesaid, this Court adopts the Reports and Recommendations of the United States Magistrate Judge (Doc. #18 and #26) in their entirety, having concluded that the Commissioner's decision that Plaintiff's decedent was not disabled and, therefore, not entitled to Widow's Insurance Benefits, for a closed period beginning October 15, 1999, consistent with the Social Security Act, was not supported by substantial evidence. Defendant's Objections to said judicial filings (Doc. #21 and #27) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff's decedent was not disabled and, therefore, not entitled to Widow's Insurance Benefits for a closed period beginning October 15, 1999, and remanding the captioned cause to the Defendant Commissioner for the payment of Widow's Insurance Benefits for a closed period beginning October 15, 1999, the Defendant Commissioner being charged with the responsibility to determine the date for the termination of benefits, for the closed period beginning October 15, 1999, in accordance with 20 C.F.R. § 404.337(b), consistent with this Court's opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 21, 2012

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record