# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PORTIA LAMBERT, o/b/o LINDA LAMBERT, | : | Case No. 3:10-cv-435 |
| Plaintiff, | : | District Judge Walter H. Rice<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1] and
## NOTICE REGARDING OBJECTIONS

This case is before the Court pursuant to a request by Plaintiff for an award of her attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 31, 32).

In her initial fee petition, Plaintiff's counsel requested an EAJA fees/costs award of $5,132.08. (Doc. 31). In response to that fee petition, Plaintiff and the Commissioner jointly filed a stipulation for EAJA fees/costs in a reduced amount: $5,000.00. (This stipulation is, essentially, a joint, unopposed motion for $5,000.00 in EAJA fees.) (Doc. 32). Accordingly, the Court views Plaintiff's initial fee petition (for $5,132.08) as moot. The sole matter before the Court, therefore, is the unopposed, joint stipulation for $5,000.00 in EAJA fees/costs.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

## I.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) likewise provides for an award of costs to the prevailing party. EAJA fees are payable to the litigant. *See Astrue v. Ratliff*, ___U.S.___, 130 S.Ct. 2521, 2524 (2010).

## II.

On March 21, 2012, Judge Rice adopted the undersigned's Amended Supplemental Report and Recommendation, and entered judgment in favor of Plaintiff against the Commissioner. (Doc. 28). Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes, and is therefore entitled to an award of attorney's fees and costs under EAJA. *Bryant*, 578 F.3d at 445.

Plaintiff's counsel advises the Court that he worked 29.1 hours on this matter. (Doc. 31, PAGEID 207). At the stipulated amount of $5,000.00, this calculates as $171.82 per hour -- an hourly rate not challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel, as well as the affidavits and other evidence submitted in support of Plaintiff's original petition, *see* doc. 31, and considering the nature of the work counsel performed in this matter, the Court finds the requested fee reasonable. *See, e.g., Simpson v. Comm'r of Soc. Sec.*, No. 3:09-cv-143, 2010 U.S. Dist. LEXIS 128934, at *1 (S.D. Ohio Dec. 7, 2010)(finding an hourly rate of $170.11 reasonable in an EAJA fee application). Accordingly, Plaintiff is entitled to an award in the amount of $5,000.00.

## III.

Based upon the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's initial application for an EAJA fees and costs award (doc. 31) be found **MOOT AND DENIED**;

2. The stipulation for an EAJA fees and costs award (doc. 32), filed jointly by Plaintiff and the Commissioner be **GRANTED,** and Plaintiff be **AWARDED** the sum of $5,000.00 in EAJA fees and costs; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.


July 11, 2012

                  s/ **Michael J. Newman**
                  United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).